UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KAREN ARMELIN ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| VS. | ) |
| | ) 3:19-CV-0101-G |
| U.S. BANK, N.A., ET AL., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants U.S. Bank, N.A., as Trustee, successor in interest to Bank of America, N.A., as Trustee, successor by merger to LaSalle Bank, N.A., as Trustee for SACO I Trust 2005-WM3 Mortgage Backed Certificates, Series 2005-WM3 ("U.S. Bank") and Ocwen Loan Servicing LLC ("Ocwen") to dismiss the plaintiff's complaint for failure to state a claim upon which relief may be granted (docket entry 17). For the reasons set forth below, the motion is granted.

I. BACKGROUND

This case arises from a pending mortgage foreclosure. The plaintiff Karen Armelin Robinson ("Robinson") resides at 500 Cannady Circle, Cedar Hill, Texas

75104 ("the Property"), which is the subject of the instant action.  Plaintiff's Original Petition and Application for Temporary Restraining Order ("Petition") ¶ 1, *attached to* Supplement to Defendants' Notice of Removal ("Removal Supplement") (docket entry 12) as Exhibit A-2.

On or about March 9, 2005, Tyho Robinson and Robinson executed a deed of trust securing a first-position mortgage loan of $108,000 on the Property.  Defendants' Amended Motion to Dismiss Plaintiff's Original Petition and Brief in Support ("Motion") (docket entry 17) at 2.  That same day, they also secured a second-position mortgage loan ("second loan") for $27,000 against the Property from Long Beach Mortgage Company ("Long Beach"), which was recorded in the real property records of Dallas County.[1]  *Id*. at 2-3; Petition ¶ 4; *see also* Appendix in Support of Defendants' Amended Motion to Dismiss Original Petition ("Appendix") (docket entry 17-1) at 000085-000096.  The deed of trust granted Long Beach a security interest in the Property.  Petition ¶ 4.

On March 16, 2005, Long Beach assigned its beneficial interest in the second loan to Mortgage Electronic Registration Systems, Inc. ("MERS").  Motion at 3; *see also* Appendix at 000099.  This assignment was filed and recorded in the deed records of Dallas County, Texas.  See *id*. at 000099-000100.

---

[1]  Robinson is the sole owner of the Property.  *See* Dallas Central Appraisal District report, *attached to* Removal Supplement as Exhibit A-5.

On January 6, 2015, MERS assigned its beneficial interest in the second loan to U.S. Bank, a national banking association and a trustee of a mortgage-securitization trust, and the corporate assignment of deed of trust was filed and recorded in the deed records of Dallas County, Texas, on March 2, 2015.  Motion at 3; Defendants' Notice of Removal ("Notice of Removal") (docket entry 1) ¶ 7; *see also* Appendix at 000103-000104.  U.S. Bank contends that it currently holds the beneficial interest in the second loan on the Property.  *See generally* Motion; *see also* Defendants' Reply Brief in Support of Motion to Dismiss Plaintiff's Original Petition and Brief in Support ("Reply") (docket entry 19) at 4 ("U.S. Bank is the beneficiary of the Deed of Trust and the last person to whom the Deed of Trust has been assigned of record.").  Ocwen is the mortgage servicer for the second loan.  Motion at 3, 8.

After Robinson defaulted on her obligations under the second loan, U.S. Bank posted a notice of foreclosure sale for the Property.  See *id*. at 8.  It does not appear, however, that a foreclosure sale has occurred.

A.  *Robinson I*

To enjoin a foreclosure on the Property, on November 6, 2017, Robinson filed suit against U.S. Bank in the 160th Judicial District Court of Dallas County, Texas

("*Robinson I*").[2]  *Id*. at 2; *see also* Appendix at 000002.  In her amended petition, Robinson asserted that U.S. Bank "identifies itself as the mortgagee by way of an assignment from MERS.  However, there is no evidence of an assignment of the interest in the [second loan] to MERS."  Appendix at 000024.  Robinson brought a claim for wrongful foreclosure and contended as follows.

> [T]here is a missing assignment in the chain of title. . . . This creates serious doubts about [U.S. Bank]'s right to foreclose, if any.  A review of the public record demonstrates that lack of assignment out of Long Beach Mortgage Company, a now defunct entity. . . . This irregularity will result in a wrongful foreclosure.  Therefore, Plaintiff seeks to prevent [U.S. Bank]'s wrongful foreclosure.

*Id*. at 000025.  Robinson sought a declaratory judgment, as well as injunctive and equitable relief and compensatory, special, general, and punitive damages.  See *id*. at 000022.

On August 16, 2018, U.S. Bank filed a motion for summary judgment and attached copies of the second loan agreement, the assignment from Long Beach to MERS, and the assignment from MERS to U.S. Bank as exhibits.  See *id*. at 000007, 000049-000077.  In its motion, U.S. Bank asserted that on or about September 25, 2017, it sent Robinson a notice of acceleration on the second loan after she defaulted on her obligations under the terms of the loan.  See *id*. at 000051.  U.S. Bank also

---

[2]  Cause Number DC-17-15264.

noted that no foreclosure sale had taken place, and that "Texas does not recognize a claim for 'attempted wrongful foreclosure.'" See *id*. at 000054-000055. U.S. Bank asked the court in *Robinson I* to "grant summary judgment with regard to each of the claims in the Petition and to dismiss it with prejudice to refiling." *Id*. at 000050. Robinson did not respond to that motion. See *id*. at 000007; Motion at 2, n.3. On September 21, 2018, the court in *Robinson I* granted U.S. Bank's motion for summary judgment and entered a final judgment dismissing all of Robinson's claims against U.S. Bank with prejudice. *See* Appendix at 000083 ("[A]ll of Plaintiff's claims against U.S. Bank are hereby **DISMISSED WITH PREJUDICE**.") (emphasis in the original); *see also* Motion at 2, 8.³

B. The Instant Case

Thereafter, U.S. Bank again attempted to foreclose on the Property. Robinson alleges that "there is no authority for [U.S. Bank] to have threatened and/or to conduct a trustee's sale of the Property on January 2, 2019 . . . ." Petition ¶ 4; see

---

³ Though the court in *Robinson I* ruled that foreclosure on the Property under the second loan was legally appropriate, Robinson appears to allege that the defendants in the instant case cannot legally enforce the note and deed of trust and foreclose on the Property. *See* Petition ¶ 4; Plaintiff's Response to Defendants' Amended Motion to Dismiss ("Response") (docket entry 18) at 1. U.S. Bank and Ocwen maintain that "[t]he documents of record and in support of Defendants' Amended Motion to Dismiss plainly show that U.S. Bank is a party entitled to foreclose." Reply at 6. The court agrees. *See* TEX. PROP. CODE § 51.0001(4)(C) ("[I]f the security interest has been assigned of record, the last person to whom the security interest has been assigned of record" is a mortgagee.); see also *Hall v. BAC Home Loans Servicing, L.P.*, 541 Fed. Appx. 430, 433 (5th Cir. 2013).

also *id*. ("A Notice of Substitute Trustee's Sale signed by a Tamesha Humphrey threatens a sale of the Property on January 2, 2019, without any visible evidence of authority."). On January 2, 2019, to enjoin a foreclosure sale on the Property, Robinson filed this case in the County Court at Law No. 2 of Dallas County, Texas ("*Robinson II*") against U.S. Bank, Ocwen, and Power Default Services, Inc. ("PDS").[4] See generally *id*.; Notice of Removal ¶ 1; *see also* Motion at 1 ("Plaintiffs' [sic] Original Petition is at least [her] second attempt to enjoin a valid foreclosure under the same Loan Agreement encumbering the same Property."). As in *Robinson I*, Robinson complained that U.S. Bank had not been assigned the deed of trust and thus was not in the proper chain of title to foreclose on the Property. *See* Petition ¶ 4 ("Searching in the Dallas County Clerk's ROAM system . . . does not yield any assignment or transfer of interest of the [second loan] from Long Beach to any third party, nor any appointment of substitute trustee regarding the [second loan]."). Robinson maintains that she "brings good faith claims that acts of Defendants preceding the threatened foreclosure sale were improperly done or invalid." Response at 1.

On January 2, 2019, the court in *Robinson II* issued a temporary restraining order to stay the foreclosure. *See* Temporary Restraining Order, *attached as* Exhibit A-4 to Removal Supplement. On January 11, 2019, U.S. Bank and Ocwen timely

---

[4] Cause Number CC-19-00004-B.

removed the case to this court on the basis of diversity jurisdiction.  *See generally* Notice of Removal.  PDS did not join in the removal.[5]

Robinson brings this action against U.S. Bank and Ocwen for wrongful foreclosure, or attempted foreclosure, which she claims violates the Texas Debt Collection Act, the Texas Property Code, and the Texas Finance Code, and also for breach of contract for alleged defects in the foreclosure process.  *See generally* Petition; Notice of Removal ¶ 1.  Robinson seeks economic and punitive damages, as well as declaratory and injunctive relief.  *Id*.

U.S. Bank and Ocwen assert that Robinson's claims are barred by *res judicata* and other related doctrines.[6]  *See generally* Motion.

## II.  ANALYSIS

### A.  Standard for Determination under Rule 12(b)(6)[7]

---

[5] On September 3, 2019, pursuant to FED. R. CIV. P. 4(m), this court dismissed Robinson's claims against PDS without prejudice.  *See* docket entry 16.

[6] The defendants alternatively assert that Robinson has failed to plead facts sufficient to show that U.S. Bank lacks standing as the mortgagee entitled to foreclose on the Property.  *See* Reply at 4-6.  The court agrees.

[7] When matters outside the pleadings are considered by a district court on a motion to dismiss, Rule 12(d) requires the court to treat the motion as one for summary judgment and to dispose of it as required by Rule 56.  FED. R. CIV. P. 12(d).  Accordingly, consideration of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) requires a court to limit its inquiry to the contents of the pleadings, including documents attached thereto or incorporated in the complaint.  See *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).  Documents attached to a motion to dismiss that "are referred to in the plaintiff's
(continued...)

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina*

---

⁷(...continued)
complaint and are central to her claim[s]" are properly within a court's consideration of a Rule 12(b)(6) motion. *Id*. at 498-99 (quoting *Venture Associates Corporation v. Zenith Data Systems Corporation*, 987 F.2d 429, 431 (7th Cir. 1993)); see also *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."). The court may take judicial notice of "highly indisputable public records . . . ." See *Nguyen v. Bank of America, N.A.*, 728 Fed. Appx. 387, 388 (5th Cir. 2018) (per curiam); see also *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir.), *cert. denied*, 513 U.S. 868 (1994). Therefore, because all of the documents submitted by the defendants in support of their amended motion to dismiss are central to Robinson's claims, are referred to in her petition or in her response to the amended motion to dismiss, or are matters of public record, the court may properly consider these documents without converting this motion to dismiss into a summary judgment motion.

*Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id*. (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id*. The plausibility principle does not convert the Rule 8(a)(2) notice pleading to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id*. at 678. The plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting FED. R. CIV. P. 8(a)(2)). The court, drawing on its judicial experience and common sense, must undertake the

"context-specific task" of determining whether the plaintiff's allegations "nudge" her claims against the defendants "across the line from conceivable to plausible." See *id*. at 679, 683.

1. *Res Judicata*

U.S. Bank and Ocwen contend that the doctrine of *res judicata*, or claim preclusion, bars all of Robinson's claims in the instant suit as there was a prior final judgment on the merits in *Robinson I,* and the claims in both suits are based on the same nucleus of operative fact.[8] *See generally* Motion; Reply at 2 ("Both suits relate to whether foreclosure on the subject Property is proper."). Specifically, U.S. Bank and Ocwen assert that Robinson's claims in *Robinson I* and the instant case "apply to the same promissory note, security instrument, and default" and that "[t]he only difference is that foreclosure sought to be enjoined [in *Robinson II*] was later – January 2, 2019, instead of November 7, 2017." Motion at 8-9. Conversely, Robinson argues that her claims in the instant case do not rely on the same operative facts as her *Robinson I* claims because the notices for the scheduled foreclosure in January

---

[8] While the affirmative defense of *res judicata* generally cannot be brought in a motion to dismiss, the Fifth Circuit has held that "[i]f, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Hall v. Hodgkins*, 305 Fed. Appx. 224, 227-28 (5th Cir. 2008) (per curiam) (citing *Kansa Reinsurance Company, Ltd. v. Congressional Mortgage Corporation of Texas*, 20 F.3d 1362, 1366 (5th Cir. 1994)). Here, because all relevant facts for determining *res judicata* appear on the face of the pleadings and documents subject to judicial notice, the court proceeds to consider the defendants' *res judicata* argument.

2019 were not at issue in *Robinson I* and thus could not have been litigated. Response at 2. Robinson also contends that "[t]he descriptive background of the original loan in the pleadings may [sic] similar to the factual history in the Prior Suit, but the 'nucleus of operative facts' supporting the claims in the instant suit are all new and were not covered by the judgment in the prior action." *Id*. at 3-4.

When a federal court considers the preclusive effect of a state court's prior judgment, the federal court applies the preclusion law of the state where the judgment was rendered. *Thompson v. Dallas City Attorney's Office*, 913 F.3d 464, 467 (5th Cir. 2019) ("Federal courts must step into the shoes of state courts and afford preclusive effect where state courts would do so."); see also *Semtek International Incorporated v. Lockheed Martin Corporation*, 531 U.S. 497, 508 (2001). *Res judicata* precludes relitigation of claims that have been finally adjudicated or that arise out of the same subject matter and that could have been litigated in the prior action. *Amstadt v. United States Brass Corporation*, 919 S.W.2d 644, 652 (Tex. 1996) (citing *Barr v. Resolution Trust Corporation*, 837 S.W.2d 627, 628 (Tex. 1992)). Under Texas law, *res judicata* requires that:

> (1) a prior final judgment on the merits by a court of competent jurisdiction;
>
> (2) identity of parties or those in privity with them; and
>
> (3) a second action based on the same claims that were raised or could have been raised in the first action.

*Citizens Insurance Company of America v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007) (citing *Amstadt*, 919 S.W.2d at 652); see also *Thompson*, 913 F.3d at 470 (citing *Sims v. City of Madisonville*, 894 F.3d 632, 644 (5th Cir. 2018)). The party asserting a *res judicata* defense has the burden of proving those elements. *Travelers Insurance Company v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). In this case, the first two requirements of the test are not at issue. First, the *Robinson I* judgment was a prior final judgment on the merits.[9] See *Thompson v. Dallas City Attorney's Office*, No. 3:17-CV-0556-G, 2017 WL 3189711, at*4-*5 (N.D. Tex. July 27, 2017) (Fish, J.), *aff'd*, 913 F.3d 464 (5th Cir. 2019). Second, the parties in the instant case and *Robinson I* are identical or in privity.[10]

Texas applies the transactional approach in determining whether the claim in a subsequent suit could have been litigated in a prior suit. *Citizens Insurance Company*, 217 S.W.3d at 449 (citing *Barr*, 837 S.W.2d at 631). In doing so the court weighs "'such considerations as whether the facts are related in time, space, origin, or

---

[9] U.S. Bank obtained a final judgment in the state court litigation. *See* Appendix at 000083. The state district court dismissed with prejudice Robinson's prior state court suit. *Id*. Thus, defendants have satisfied the first element of *res judicata*, establishing a prior final judgment on the merits.

[10] Though Ocwen was not a party to *Robinson I,* Ocwen, as mortgage servicer of the second loan, and U.S. Bank, the sole defendant in *Robinson I*, are in privity for *res judicata* purposes. See *Koncak v. Deutsche Bank National Trust*, No. 3:14-CV-3289-B, 2015 WL 11120868, at *4 (N.D. Tex. Nov. 13, 2015) (Boyle, J.); see also *Amstadt*, 919 S.W.2d at 653.

motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage.'" *Barr*, 837 S.W.2d at 631 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24(2) (1982)); see also *Samuel v. Federal Home Loan Mortgage Corporation*, 434 S.W.3d 230, 234 (Tex. App. -- Houston [1st Dist.] 2014, no writ) ("Under this approach, we examine the factual bases, not the legal theories, presented in the cases.") (citation omitted). "A subsequent claim is thus barred if it arises out of the 'same nucleus of operative facts.'" *Maxwell v. U.S. Bank National Association*, 544 Fed. Appx. 470, 472 (5th Cir. 2013) (per curiam) (quoting *In re Paige*, 610 F.3d 865, 872 (5th Cir. 2010)).

2. Application

Upon application of this standard, it is readily apparent that all of Robinson's claims in the instant case are barred under the transactional approach. Actions arising from the same lender foreclosing on the same property share the same nucleus of operative facts throughout the foreclosure proceedings, thus satisfying the *res judicata* transactional test. See, *e.g.*, *Cooper v. Bank of New York Mellon*, 713 Fed. Appx. 368, 369 (5th Cir.) (per curiam) ("All of Cooper's claims in the prior lawsuits and in the instant lawsuit arose out of his failure to meet his loan obligations and his desire to prevent the Lender defendants from foreclosing on the same property. Therefore, the defendants established that Cooper's current claims were barred by res

judicata."), *cert. denied*, __ U.S. __, 139 S. Ct. 644 (2018); *Kiggundu v. CWHEQ, Inc.*, No. 1:16-CV-0242-SS, 2016 WL 6534270, at *4 (W.D. Tex. Nov. 2, 2016) ("[T]he current case concerns the same nucleus of operative facts as both *Kiggundu I* and *Kiggundu II*. All of the claims alleged in *Kiggundu I*, *Kiggundu II*, and this case concern the origination, collection, and foreclosure of the Mortgage on the Property.").

All of Robinson's instant causes of action stem from the same nucleus of operative facts as those litigated in *Robinson I* (*e.g.*, default of the same loan, alleged wrongful foreclosure of lien on the same property, same property owner); thus, there is sufficient identity of claims to satisfy the third requirement of the *res judicata* test. See *Johnson-Williams v. CitiMortgage, Incorporated*, 750 Fed. Appx. 301, 305 (5th Cir. 2018) (per curiam). Therefore, Robinson's claims against U.S. Bank and Ocwen are precluded, as all of Robinson's claims are transactionally related to her claims in *Robinson I*. See *Koncak*, 2015 WL 11120868 at *5; see also *Mason v. Wells Fargo Bank, N.A.*, No. 4:16-CV-0699-ALM-CAN, 2016 WL 7664305, at *4 (E.D. Tex. Dec. 13, 2016) ("The claims derive from the same documents, namely the Conditional Acceptance and Notice of Fault, and the relief sought – restraining Defendant from conducting a foreclosure sale of the Property – is identical but for the foreclosure date . . . ."), *report and recommendation adopted*, 2017 WL 67943 (E.D. Tex. Jan. 6, 2017).

Because U.S. Bank and Ocwen satisfactorily demonstrated the requisite elements of *res judicata*, the doctrine bars Robinson's claims from being relitigated in

this forum. Accordingly, Robinson's claims against U.S. Bank and Ocwen are dismissed.

B. Leave to Amend Under Rule 15(a)

As an alternative to dismissal, Robinson requests leave to amend her complaint and "replead any claim that the Court believes is not set out with sufficient particularity . . . ." Response at 5. Federal Rule of Civil Procedure 15(a) provides that after a responsive pleading is filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). However, a motion to amend should be denied if amending a claim would be futile. See *DeLoach v. Woodley*, 405 F.2d 496, 496-97 (5th Cir. 1968) (per curiam) ("The liberal amendment rules of F.R. Civ. P. 15(a) do not require that courts indulge in futile gestures."). As Robinson's claims in the instant action are barred by *res judicata*, any amendment to her complaint would be futile as she again seeks to re-litigate issues based on the same nucleus of operative facts – *i.e.*, the defendants' authority to foreclose on the Property based on the same loan agreement. See *Johnson v. CitiGroup Mortgage Loan Trust, Inc.*, No. 5:17-CV-1227-DAE, 2018 WL 6242181, at *9 (W.D. Tex. March 19, 2018). Accordingly, Robinson's motion for leave to amend her complaint is denied.

## III. CONCLUSION

For the reasons stated above, the defendants' motion to dismiss is **GRANTED**, and Robinson's motion for leave to amend her complaint is **DENIED**.

**SO ORDERED.**

November 8, 2019.

_____
**A. JOE FISH**
**Senior United States District Judge**